IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN O. TITSWORTH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-390-JHP |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), [Doc. No. 21]. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

On August 28, 2013, Plaintiff commenced this action against Defendants, asserting various claims pursuant to 42 U.S.C. § 1983 stemming from Defendants' alleged failure to factor an enhanced earned credit level into the calculation of Plaintiff's prison sentence.[1] Plaintiff asserts that this denial of enhanced credit level unlawfully caused him to remain in custody beyond the date upon which his release was otherwise mandated. On November 8, 2013, Defendants' filed a Motion to Dismiss, [Doc. No. 21], arguing that Plaintiff's claims must be dismissed because (1) Plaintiff's claims against ODOC and the other Defendants in their official

---

[1] On August 28, 2013, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*, [Doc. No. 2], which was subsequently granted by this Court pursuant to 28 U.S.C. § 1915, [Doc. No. 4]. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

capacity are barred by the Eleventh Amendment, and (2) Plaintiff's claims are time barred. This motion is now fully briefed and before the Court.

## DISCUSSION

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

Fed. R. Civ. P. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### A. The Eleventh Amendment

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on grounds that they are immune from suit under the Eleventh Amendment to the Constitution. The Eleventh Amendment bars actions in federal court against States and also bars suits in federal court against state officers sued in their official capacities for money damages. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Title 42 U.S.C. § 1983 does not abrogate this immunity, *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989), nor has Oklahoma waived its Eleventh Amendment immunity. OKLA. STAT. tit. 51 § 152.1(B) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). Moreover, neither States nor state officials sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. Because ODOC is considered an "arm of the state" of Oklahoma, Plaintiff's claims under 42 U.S.C. § 1983 seeking monetary relief against ODOC are also barred by the State's Eleventh Amendment immunity. *Eastwood v. Department of Corrections*, 846 F.2d 627, 631-32 (10th Cir. 1988). The Eleventh Amendment bars a federal suit against a state agency regardless of the type of relief sought. *ANR Pipeline Co. v. LaFaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *abrogated on other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). Accordingly, Plaintiff's claims against the ODOC and the remaining Defendants in their official capacity must be dismissed without prejudice. *Polaski v. Colorado Dept. of Transp.,* No. 05-1401, 198 Fed.Appx. 684, 685-686 (10th Cir. Aug. 2, 2006) (unpublished)[2] (dismissal on grounds of Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction and must be without prejudice) (citing *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

**B. The Statute of Limitations**

No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. *Wilson v. Garcia,* 471 U.S. 261, 266–67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to OKLA. STAT. ANN. tit. 12, §

---

[2] This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

95(3). *Meade v. Grubbs,* 841 F.2d 1512, 1522–24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. *Fratus v. Deland*, 49 F .3d 673, 675 (10th Cir. 1995); *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." *Fratus*, 49 F.3d at 675 (quoting *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988)); *see also Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

Taking the allegations contained in Plaintiff's complaint as true, the Court finds that Plaintiff's cause of action accrued more than two years prior to the filing of this action. Specifically, based on the attachments to Plaintiff's First Amended Complaint, Plaintiff knew or should have known that the conviction in CRF-84-51 was being used in his sentence calculation as of March of 2005, more than eight years prior to commencing this action. [*See* Doc. No. 13, Ex. 1 at 2]. Accordingly, all of Plaintiff's remaining claims must be dismissed as time barred.

## CONCLUSION

For the reasons detailed above, Defendants' Motion to Dismiss, [Doc. No. 21], is **GRANTED**.

**IT IS SO ORDERED** this 25th day of November, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

4